**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BEVERLY CULLEY**                                                         **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 4:20-CV-190-MPM—DAS**

**WEST BOLIVAR CONSOLIDATED SCHOOL DISTRICT, et al.**       **DEFENDANTS**

**ORDER ON MOTION TO COMPEL**

The court has before it the plaintiff's motion to compel discovery responses. Having considered the motion and the defendants' response, the court finds that the motion should be granted in part and denied in part.[1] The plaintiff seeks to compel further response to four interrogatories. The interrogatories, response and ruling follow below.

**Interrogatory No. 7:** Please list and identify any and all complaints made by an employee for gender discrimination, harassment, and sexual harassment in the West Bolivar Consolidated School District within the past ten (10) years. For each complaint of gender discrimination, harassment, and sexual harassment, please identify the complaining employee's name and job title.

---

[1] The motion to compel is not compliance with the local rules. Those rules require every motion to compel discovery under Fed.R.Civ.P. 33,34,36, to quote the discovery verbatim, the grounds for objection, if not apparent from the objection itself, the reasons assigned for supporting the objection. L.U.Civ.R. 37(b). "The objections, grounds and reasons must be written in immediate succession to the quoted discovery request. That the objections and grounds must be addressed to the specific interrogatory, request for production, or request for admission and may not be general in nature." *Id*. Failure to comply with the rules may result in denial of the motion without prejudice. The court is nevertheless proceeding to address the merits.

**Response to Interrogatory No. 7:** Counsel for Defendant objects to this request on grounds that same is overly broad, and a response to this request is not relevant to the claims or defenses raised by either party in this litigation, serves no importance in resolving the issues in this case, and is not reasonably calculated to lead to admissible evidence. Counsel for Defendants further objects to this request on grounds this request exceeds the scope of F.R.C.P. 26(b) as a response would/could require it to violate the right to privacy of its employees or former employees and to violate any confidentiality agreements and defendants do not have permission to disclose that information.

**Ruling:** The court overrules the defendants' objection, except that the time covered by the request shall be limited to a beginning five years before the filing of this action. Sensitive information impacting the privacy of employees and former employees is routinely dealt with in litigation by either redaction of identifying information and/or by entry of a protective order. The parties may submit an agreed protective order, or the defense may move for such a protective order if needed. The objection that disclosure will or may violate a confidentiality agreement is overruled. Confidentiality agreements, which are commonplace in settlement agreements, do not create a privilege exempting otherwise discoverable documents and information from disclosure.[2] If a party wants to argue that for other reasons there is a privilege,

---

[2] "Courts routinely order production of confidential settlement agreements under Rule 26 when they are relevant to the allegations at issue in a particular action. *See Bd. of Trs. of the Leland Stanford Junior Univ. v. TYCO Int'l Ltd.*, No. CV 00–10584–TJH, 2008 WL 1023458 (C.D. Cal. March 18, 2008), *Cadmus Commc'ns Corp. v. Goldman*, No. 3:05CV257, 2006 WL 3359491 (W.D. N.C. Nov. 17, 2006), *Cleveland Constr. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. Civ.A. 01–2666, 2004 WL 385052 (E.D. La. Feb. 25, 2004), *ABF Capital Mgmt. v. Askin Capital*, No. 96 Civ. 2978 (RWS), 2000 WL 191698 (S.D.N.Y. Feb. 10, 2000). **Discoverable information may not be shielded from disclosure merely by agreeing to maintain its confidentiality**. *Direct TV [v. Puccinelli]*, 224 F.R.D. [677] at 684-685 [(D. Kas. 2004)]. Moreover, there is no privilege that prevents discovery of confidential settlement documents. *See JZ Buckingham*

they must produce a privilege log to allow the court to assess if the withheld information and documents should be withheld. That was not done in this case.

The plaintiff in her motion to compel references documents and the production of documents related to the topic of this interrogatory and other interrogatories. The plaintiff has not referenced, cited to or quoted any specific requests for production of documents. The court is unable to determine if the supplemental responses to interrogatories ordered herein will trigger the need to supplement prior requests for production and to produce further documents.

The defendants shall serve a supplemental response to this interrogatory not later than twenty-one days after the date of this order.

**Interrogatory No. 8:** Please list and identify any and all gender discrimination, harassment, and sexual harassment charges filed against the West Bolivar Consolidated School District by its employees within the past ten (10) years. For each complaint of gender discrimination, harassment, and sexual harassment, please identify the complaining employees name and job title.

**Response:** Counsel for defendant objects to this request on grounds that same is overly broad, and a response to this request is not relevant to the claims or defenses raised by either party in this litigation, serves no importance in resolving the issues in this case, and is not reasonably calculated to lead to admissible evidence. Counsel for defense further objects to this request on grounds that it exceeds the scope of F.R.C.P. 26(b) as a response would/could require it to violate the privacy rights of its employees or former employees as well as confidentiality agreements and defendants do not have permission to disclose such information. Without

---

*Invest. LLC v. United States*, 78 Fed. Cl. 15, 22 (2007)." *Cooley v. Curves Int'l, Inc.*, No. A-08-MC-108 LY, 2008 WL 11333881, at *4 (W.D. Tex. May 19, 2008)

waiving any objection, Defendants are aware of a gender discrimination claim with the EEOC asserted by an [sic] Barbara Flore during Plaintiff's tenure that was withdrawn. Defendants are aware of a gender discrimination claim with the EEOC asserted by former Superintendent James Johnson-Wadlington that was dismissed. Defendant is aware of another EEOC charge by a former employee that was alleged after the termination of plaintiff's employment and did not involve any board member, school board attorney, or any individual employed during the plaintiff's employment or before.

**Ruling:** The plaintiff argues first that this interrogatory should apply to not only the West Bolivar Consolidated School District, but to the Benoit School District, one of the school districts consolidated into the defendant school district. She urges the court to treat the names interchangeably because the defense in its deposition of Culley, brought up the sex harassment allegations made against her by an Ephem Melton, while she was superintendent of the Benoit School District. She also points out that the insurance policy for WBCSD includes a reference to the district as "formerly known as Benoit School District." She also advises that WBCSD would be in possession of any documents of the Benoit School District and that the defendant has produced some documents from the earlier entity. The court declines to broaden the Interrogatory beyond the language employed. The West Bolivar Consolidated School District was created by an act of the Mississippi Legislature, which effectuated the consolidation of the Benoit and other districts. That statute was effective in September of 2012, Miss.Code Ann § 37-7-104. Per the statute it would have had its board of trustees elected by November 2013 and have the administrative consolidation completed by July 1, 2014. The districts consolidated by this act were abolished as of the same date. Given the time frame of this consolidation, the court construes the request as being addressed to the WBCSD.

The objections of the defendant are overruled for the same reasons as stated in the court's ruling to Interrogatory No. 7. The defendants shall file a supplemental response to this interrogatory, covering the same time period outlined in the ruling on Interrogatory No.7.

**Interrogatory No. 9:** Please list the identify any and all gender discrimination, harassment, and sexual harassment lawsuits filed against the West Bolivar consolidated school district within the past ten (10) years period . For each lawsuit filed, please list the date upon which the lawsuit was filed, the court in which the lawsuit was filed, the case number, and the disposition of the case.

**Response:** Counsel for Defendant objects to this request on grounds that same is overly broad, and their response to this request is not relevant to the claims or defenses raised by either party in this litigation, serves no importance in resolving the issues in this case, and is not reasonably calculated to lead to admissible evidence. Counsel for the defendants further objects to this request on grounds this request exceeds the scope of F.R.C.P. 26(b) as a response would require it to violate the right to privacy of its employees or former employees and defendants do not have their permission to disclose such information. Without waving any objection, none other than this one.

**Ruling:** For the reasons set forth in the ruling on Interrogatory No. 7, the defendant's objections are overruled, except as to the applicable time period. It appears however that the defendant has fully answered the interrogatory.

**Interrogatory No. 10:** Please list and identify any and all gender discrimination, harassment, and sexual harassment claims in which the West Bolivar Consolidated School District has settled within the past ten (10) year period for each settled claim, please identify the complaining employees name and job title.

**Response:** Counsel for defendant objects to this claim on the grounds that same is overly broad, and a response to this request is not relevant to the claims or defenses raised by either party in this litigation, serves no importance in resolving the issues in this case, and is not reasonably calculated to lead to admissible evidence. Counsel for defendants' further objects to this request on grounds that it exceeds the scope of F.R.C.P. 26(2) as their response would require it to violate the right to privacy of its employees or former employees as well as confidentiality agreements and defendants do not have permission to disclose such information.

**Ruling:** Because the plaintiff in her motion expressly disclaims that she is seeking any information about the terms of settlement, the defendants' objections are overruled. The court again finds that the relevant time period will commence from five years before the filing of suit. The defendant shall file a supplemental response to this Interrogatory identifying any complaining employee's name and job title. This supplementation shall be provided within twenty-one days of this order.

**Signing of Discovery Responses:** Plaintiff complains that the interrogatories have not been properly signed under oath by a representative of the party. The defendant concedes that these responses need to be executed. There being no corresponding requirement for the party to sign the response for requests for admissions and response to requests for production of documents, the demand for these to be signed is denied.

**Request for Sanctions:** The plaintiff has requested attorney fees in connection with the filing of the motion. The court finds that the request should be denied.

**SO ORDERED** this the 12th day of December, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**